Argued and submitted April 17, affirmed May 21, 1986

CHRISTIE et ux,
*Appellants,*

*v.*

MILLER et al,
*Respondents.*

(82-1042; CA A34474)

719 P2d 68

Robert T. Scott, Albany, argued the cause for appellants. With him on the brief was Scott & Norman, P.C., Albany.

Robert J. Ericsson, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs brought this action to enjoin defendants from allowing aircraft to take off or land from their private airport in patterns causing the aircraft to pass over plaintiffs' property and for damages for nuisance. The trial court granted defendants' motion to dismiss the claim for injunctive relief and directed a verdict for defendants at the close of plaintiffs' case. Plaintiffs appeal, assigning error to both rulings.

■    Defendants' motion to dismiss was granted on the ground that federal law preempts the power of state courts to grant the injunctive relief requested. Defendants, relied on, *inter alia,* the Federal Aviation Act of 1958, 49 USC § 1301 *et seq,* as amended by the Noise Control Act of 1942, 42 USC § 4910 *et seq; City of Burbank v. Lockheed Air Terminal,* 411 US 624, 93 S Ct 1854, 36 L Ed 2d 547 (1973); and *Northeast Phoenix v. Scottsdale Mun. Airport,* 130 Ariz 487, 636 P2d 1269 (Ariz App 1981). Plaintiffs relied on *Seagraves v. Portland City Temple,* 269 Or 28, 522 P2d 893 (1974), affirming an order enjoining the defendants' operation of an airport on property adjacent to that of the plaintiffs; the question of federal preemption was neither raised nor discussed. On appeal, plaintiffs' sole argument is that the trial court was not asked to take judicial notice of any federal statutes or regulations, that it did not indicate that it had done so and that federal preemption does not appear on the face of the pleadings. However, defendants cited the applicable federal statutes and regulations and relied on cases interpreting and applying them. The assignment does not present any error.

The trial court directed a verdict for defendants at the close of plaintiffs' case in the nuisance action for two reasons: (1) there was insufficient evidence "to submit to the jury the question of unreasonable interference caused by noise" and (2) defendants had acquired a prescriptive easement. Each of those grounds was treated as an independent basis for granting the motion. For reasons stated below, we consider only the second.

■    Defendants had completed their airstrip and had put it in use by 1970, at the latest, and plaintiffs have been aware of the aviation activity since that time. At trial, plaintiffs' sole argument was that no avigation easement could arise because "aircraft do not continuously land or take off." That reason is

not sufficient to defeat the acquisition of an easement by prescription. *See Hay v. Stevens,* 262 Or 193, 497 P2d 362 (1972); *Feldman et ux. v. Knapp et ux.,* 196 Or 453, 250 P2d 92 (1952). On appeal, plaintiffs contend, for the first time, that it is impossible to obtain an avigation easement, because plaintiffs did not own the airspace through which it is claimed. Because that issue is not properly before us, we decline to consider it.

■        Plaintiffs did not argue below and do not argue in their brief before this court that, even if defendants had acquired an avigation easement, plaintiffs would not be precluded from seeking damages for defendants' use of the easement in a manner that constituted an unreasonable interference with plaintiffs' use and enjoyment of their property. At oral argument, when asked whether the existence of an easement, if there was one, was a complete defense to plaintiffs' claim, plaintiffs' counsel responded that he thought it was. On rebuttal, after hearing questions posed to opposing counsel, he stated that it might not be a defense. In any event, the argument was not made to the trial court, and we cannot say that the court committed error in deciding the issue as it was presented there.

Affirmed.